THE STATE, PETER S. GARRABRANT, prosecutor, *vs.* AM-
BROSE MEYERS et al.

1. A return of the surveyors of the highways laying out a road will not be set aside upon the ground that the appointment of one of the surveyors by the township committee was not made under their hands and seals.

2. A person so appointed is a surveyor *de facto*, and his acts, as regards the public and third persons, are valid.

*Certiorari* in matter of road.

BROWN, J.  The *certiorari* in this case brings up the return of surveyors laying out a road in the county of Essex. The plaintiff seeks to set aside the return, on the ground that one of the surveyors was not legally appointed. It appears, by the state of the case, that James Brown was elected one of the surveyors for the township of Belleville on the 8th April, 1861, and had failed to take the oath of office on the 2d May following. The surveyor not having taken the oath, and returned the certificate to the clerk of the township within six days, it was a refusal to serve. *Nix.* 877, § 21. No election appears to have been made of a surveyor to supply the vacancy by a town meeting called for that purpose, as provided for by law. *Nix.* 876, § 13.  This gave the power to the town committee to appoint, and they did appoint, by resolution, Thomas Vreeland.

If this appointment had been made under the hands and seals of the committee it would have been regular. That it was not so done, is the reason assigned for reversing the proceedings. Vreeland was qualified, and entered upon the duties of his office. It was held by this court, in *Hoagland* v. *Culmet, Spencer's R.* 387, that when a surveyor held by color of title, and was *de facto* a surveyor, his acts, so far as they concern the public and third persons who have an interest in the thing done, are valid.

Proceedings affirmed.